**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Joe Clarence Smith,<br><br>　　　　　　　　Plaintiff,<br><br>v.<br><br>Charles L. Ryan, et al.,<br><br>　　　　　　　　Respondents. | No. CV-12-318-PHX-PGR<br><br>**ORDER** |

Before the Court is Petitioner's motion to alter or amend judgment. (Doc. 49.) Petitioner asks the Court to reconsider its order and judgment of March 14, 2014, which denied Petitioner's motion for evidentiary development and his petition for habeas corpus relief. (Docs. 47, 48.) Respondents filed a response in opposition. (Doc. 51.) As set forth below, the motion will be denied.

**DISCUSSION**

A motion to alter or amend judgment under Rule 59(e) of the Federal Rules of Civil Procedure is in essence a motion for reconsideration. Motions for reconsideration are disfavored and appropriate only if the court is "presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling

law." *McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir. 1999) (per curiam) (quoting *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999)); *see School Dist. No. 1J, Multnomah County, Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).

Motions for reconsideration are not the place for parties to make new arguments not raised in their original briefs. *Northwest Acceptance Corp. v. Lynnwood Equip., Inc.*, 841 F.2d 918, 925–26 (9th Cir. 1988). A motion for reconsideration should not "be used to ask the court to rethink what the court had already thought through—rightly or wrongly." *United States v. Rezzonico*, 32 F.Supp.2d 1112, 1116 (D.Ariz. 1998) (quotation omitted).

Petitioner argues that he is entitled to reconsideration because the Court committed clear error in denying Claims 4, 16, 26, 30, and 39. The Court disagrees.

**Claim 4**

Petitioner alleged that the trial court violated his right to a fair and impartial jury by improperly limiting the scope of *voir dire* and inappropriately rehabilitating prospective jurors. (Doc. 25 at 22.) The Court denied the claim. (Doc. 47 at 36–40.)

In his motion for reconsideration, Petitioner states that the Court "failed entirely to address Petitioner's allegation that the trial court's actions during voir dire detrimentally impacted counsel's credibility, particularly in light of the trial court's failure to similarly interrupt the state." (Doc. 49 at 3.) The Court failed to address this argument because Petitioner did not raise it in his habeas petition. (*See* Doc. 25 at 22–32.)

Petitioner also contends that in denying Claim 4 the Court "adhere[d] to the Arizona Supreme Court's improper standard requiring that, in order to succeed on this

- 2 -

claim, Petitioner must demonstrate that an automatic death penalty juror sat on his jury." (Doc. 49 at 3.) Petitioner misapprehends the basis of this Court's ruling.

The Court found that the Arizona Supreme Court's denial of the claim was not based on an unreasonable application of *Morgan v. Illinois*, 504 U.S. 719 (1992). (Doc. 47 at 40.) *Morgan* requires "an adequate *voir dire* to identify unqualified jurors," including those who would "impose death regardless of the facts and circumstances of the conviction." 504 U.S. at 727, 729, 736. The Arizona Supreme Court considered and rejected Petitioner's arguments that the trial court conducted *voir dire* in a manner that violated *Morgan*. *State v. Smith*, 215 Ariz. 221, 230–32, 159 P.3d 531, 540–42 (2007). In reaching this conclusion the court further noted that Petitioner, notwithstanding his contention that automatic death penalty jurors could have been seated due to the improper *voir dire* process, failed to "offer any examples of deliberating jurors whom the trial judge improperly rehabilitated." *Id.* at 231–32, 159 P.3d 541–42. The court did not require Petitioner to make such a showing to be entitled to relief under *Morgan*. This Court concluded, therefore, that the Arizona Supreme Court's ruling was neither contrary to nor an unreasonable application of clearly established federal law, 28 U.S.C. 2254(d)(1), and Petitioner was not entitled to relief on Claim 4. (Doc. 47 at 40.) The Court rejects Petitioner's argument that this decision was clearly erroneous.

**<u>Claim 16</u>**

Petitioner alleged that his rights to counsel, to a reliable sentence, and to due process were violated when the trial court instructed the jury to consider a statutory mitigating factor over defense counsel's objection. (Doc. 25 at 73–77.)

Petitioner asserts that the Court committed clear error in denying Claim 16 because it failed "to address Petitioner's allegation that the trial court's instruction deprived him of his right to counsel" under the Sixth Amendment. (Doc. 49 at 4.)

In renewing this argument, Petitioner again relies on *Lockett v. Ohio*, 438 U.S. 586, 604 (1978), which held that "the Eighth and Fourteenth Amendments require that the sentencer, in all but the rarest kind of capital case, not be precluded from considering, *as a mitigating factor*, any aspect of a defendant's character or record and any of the circumstances of the offense that the defendant proffers as a basis for a sentence less than death." As this Court explained in denying relief on Claim 16, the trial court did not violate *Lockett* by instructing the jury on the significant impairment aggravating factor. The instruction was supported by evidence and did not preclude the jury from considering any of the mitigating evidence proffered by Petitioner's counsel. (Doc. 47 at 17–20.) Neither *Lockett* nor any other case cited by the parties or located by this Court supports Petitioner's assertion that "the trial court's instruction amounted to state interference with Petitioner's Sixth Amendment right to the effective assistance of counsel at the penalty phase." (Doc. 25 at 76.) The Court did not err in denying this claim.

**Claim 26**

Petitioner alleged that his right to a fair and impartial jury was violated by the jury's consideration of extraneous evidence during deliberations. (Doc. 25 at 113–14.) Petitioner asserts that this Court erred in reviewing Claim 26 under the deferential

standard of 28 USC § 2254(d)(1).[1]

Petitioner did not raise his jury misconduct claim on appeal in state court. Respondents, however, have waived a procedural default defense.

Petitioner did raise the claim before the trial court on a motion for a new trial. The court held an evidentiary hearing. It then issued an order finding that the juror did not consider extrinsic evidence and that Petitioner was not prejudiced by the juror's conduct.

This Court reviewed the trial court's ruling and found that it was not an objectively unreasonable application of clearly established federal law. (Doc. 47 at 33.) The Court also noted that Petitioner did not cite any controlling authority that would support the finding of a constitutional violation in the circumstances present here. (*Id.*)

For the reasons set forth in the Court's order (Doc. 47 at 31–33), therefore, even under *de novo* review Petitioner would not be entitled to relief on this claim. The case did not involve extended external influences on jurors or confirmed bias. *See Henry v. Ryan*, 720 F.3d 1073, 1086 (9th Cir. 2013). The Court did not err in denying this claim.

**Claim 30**

Petitioner alleged that "Arizona's 'heinous, cruel, or depraved' aggravating circumstance does not genuinely narrow the class of death-eligible offenders, thus violating Petitioner's due process rights and his protection against cruel and unusual

---

[1] Under § 2254(d)(1), a petitioner is not entitled to habeas relied for a claim adjudicated in state court unless "the adjudication of the claim resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." The Court notes that Petitioner, in arguing that he was entitled to evidentiary development on this claim, asserted that he had "established, based on the state court record, that the state court failed to apply, or unreasonably applied, clearly established Federal law." (Doc. 45 at 7.)

punishment." (Doc. 25 at 122.) This Court found that the Arizona Supreme Court's denial of the claim was not contrary to or an unreasonable application of clearly established federal law, namely *Walton v. Arizona*, 497 U.S. 639 (1990), *overruled on other part by Ring v. Arizona*, 536 U.S. 584 (2002). (Doc. 47 at 56–59.) Petitioner claims that the Court clearly erred in failing to address his argument that *Walton* does not apply to jury sentencing. (Doc. 49 at 6.)

In *Walton* the Supreme Court held that the "especially heinous, cruel or depraved" aggravating circumstance was facially vague but that the vagueness was remedied by the Arizona Supreme Court's clarification of its meaning. 497 U.S. at 654. Petitioner argued in Claim 30 that *Walton* does not apply in the context of jury sentencing. (Doc. 25 at 124.) He cites no support for that proposition. Moreover, there is no clearly established federal law holding that jury instructions based on the Arizona Supreme Court's narrowing construction are inadequate, and in any event, Petitioner does not challenge the trial court's instructions. *Cf. State v. Anderson*, 210 Ariz. 327, 352, 111 P.3d 369, 394 (2005) (explaining that jury instructions were not unconstitutionally vague, but provided a sufficiently narrow construction to the facially vague statutory terms). Again, the Arizona Supreme Court's rejection of this claim does not entitle Petitioner to habeas relief.

**Claim 39**

Petitioner alleged that counsel rendered ineffective assistance at resentencing by failing to adequately investigate, develop, and present mitigating evidence. (Doc. 25 at 136.) Principally, Petitioner faulted counsel for failing to obtain a PET scan of

Petitioner's brain. (*Id.* at 139.)

The Court denied the claim, finding that counsel's performance was neither deficient nor prejudicial under *Strickland v. Washington*, 466 U.S. 668 (1984). (Doc. 47 at 61–69.) Petitioner now challenges the Court's prejudice analysis, claiming that the Court clearly erred by concluding that the "un-presented evidence was cumulative of the evidence presenting during Petitioner's re-sentencing proceedings." (Doc. 49 at 9.)

In seeking reconsideration, Petitioner offers the same arguments the Court considered and rejected. *See Rezzonico*, 32 F.Supp.2d at 1116. He has not provided any basis upon which the Court should reconsider its decision. For the reasons already stated, Petitioner cannot show that sentencing counsel performed deficiently under the deferential standard set forth in *Strickland*; nor can Petitioner show, given the evidence counsel did present and the gravity of the aggravating factors, that there was a reasonable probability of a life sentence if the jury had been presented with the PET scan evidence.

## CONCLUSION

For the reasons set forth above, the Court did not commit clear error in denying Claims 4, 16, 26, 30, and 39.

Accordingly,

/ / /

/ / /

/ / /

/ / /

IT IS HEREBY ORDERED denying Petitioner's motion to alter or amend (Doc. 49).

Dated this 2nd day of June, 2014.

Paul G. Rosenblatt
United States District Judge